IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-371-BO

| | |
|---|---|
| WILLIAM K. GORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **O R D E R** |

This matter is before the court on plaintiff's motion for judgment on the pleadings [D.E. 14] and defendant's motion seeking remand to the Social Security Administration [D.E. 16]. On December 21, 2017, the court held a hearing on the matter in Raleigh, North Carolina [D.E. 21]. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [D.E. 14] is GRANTED, defendant's motion [D.E. 16] is DENIED, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner for an award of benefits.

## BACKGROUND

On November 11, 2012, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits under Title XVI of the Act. [Tr. 92]. Plaintiff alleged a disability onset date of February 1, 2012. [Tr. 23]. Plaintiff's applications were denied initially and upon reconsideration. [Tr. 21].

On February 13, 2015, an Administrative Law Judge ("ALJ") held a video hearing to consider plaintiff's claims *de novo*. [Tr. 37–67]. On March 30, 2013, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. [Tr. 21–32]. Plaintiff

appealed and, on September 8, 2016, the Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. [Tr. 1–13]. On November 9, 2016, plaintiff filed a complaint in this court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). *See* [D.E. 5].

## LEGAL STANDARD

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

Under the Social Security Act ("Act"), an individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Further:

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

2

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting him from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite his limitations. 20 C.F.R. § 404.1545(a)(1). Moreover, an RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. *See* SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

At step four, the ALJ considers a claimant's RFC to determine whether he can perform past relevant work ("PRW") despite his impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on his RFC, age, education, and work experience–can make an adjustment to perform other work. *Id.* If the claimant cannot perform other work, the ALJ finds him disabled. 20 C.F.R. § 416.920(a)(4).

3

## THE ALJ'S DECISION

Applying the sequential five-step evaluation process, the ALJ found that steps one through four favored plaintiff. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 1, 2012, the amended alleged disability onset date. [Tr. 23]. At step two, the ALJ enumerated plaintiff's severe impairments, including: status-post left arm injury, chronic obstructive pulmonary disorder (COPD), and left eye vision loss. *Id.* The ALJ determined that plaintiff's complaints of left hip fracture, hypertension, and seizure disorder were not severe because they were either not supported by objective findings or have no more than minimally affected his ability to perform work-related functions. *Id.* at 23–24. At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 24].

The ALJ found that plaintiff had the RFC to perform light work with the following additional restrictions:

> [C]laimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently. He can stand, walk, and sit for 6 hours in an 8-hour day. He can never climb, crawl, or balance. He can have no exposure to industrial hazards. Claimant cannot perform overhead reaching with his non-dominant (left) arm. He can perform no more than occasional fingering and handling with his non-dominant (left) arm and hand. He can have no concentrated exposure to lung irritants. Claimant requires an occupation where there is no more than occasional requirements for depth perception and peripheral vision.

[Tr. 25].

On the basis this RFC, the ALJ determined that plaintiff could not perform his former past relevant work ("PRW") as a drywall finisher or constructional laborer. [Tr. 30].

At the hearing on February 13, 2015, the vocational expert ("VE") testified that plaintiff could still perform the following light, unskilled jobs: storage facility clerk (DOT # 295.365-026) with 12,100 positions in North Carolina and 416,000 positions nationally; (2) machine tender

(DOT # 920.665-018) with 25,900 positions in North Carolina and 706,000 positions nationally; and (3) coupon clerk (DOT # 290.477-010) with 190 positions in North Carolina and 14,000 positions nationally. [Tr. 31, 60]. Plaintiff's counsel asked the VE whether the ALJ's RFC that restricted plaintiff to no overhead reaching and only occasional fingering and handling with his left upper extremity would reduce the availability of these jobs; the VE responded that the jobs would still be available in large number. [Tr. 60]. The ALJ determined that the VE's testimony was consistent with the information contained in the DOT. [Tr. 31].

At step five–in reliance upon the VE's testimony regarding alternative jobs that plaintiff could perform, and after considering plaintiff's age, education, work experience, and RFC–the ALJ determined that plaintiff was not disabled. [Tr. 30–31].

## **ARGUMENTS**

Plaintiff first argues that the ALJ erred when he failed to identify and obtain a reasonable explanation for the conflict between VE testimony and the DOT regarding reaching, handling, and fingering. *See* [D.E. 15] at 1. Specifically, plaintiff notes that the DOT titles for all three jobs listed by the VE require frequent reaching as well as frequent handling and fingering. *Id.* at 3–7. Second, plaintiff argues that the assigned RFC is not supported by substantial evidence. *Id.* at 1. Specifically, he notes that the ALJ erred when he failed to credit plaintiff's alleged limitations due to COPD and erroneously stated in the decision that there had been "few, if any" complaints of shortness of breath. *Id.* at 8 (citing [Tr. 27]). Plaintiff cites numerous medical records regarding shortness of breath and COPD symptoms that contradict the ALJ's finding. *Id.* at 8–10.

Defendant agrees that, because the ALJ did not reconcile the conflict between the VE testimony and the DOT, remand is necessary. *See* [D.E. 16] at 1–2. However, defendant generally contests the appropriateness of reversal as to COPD. *See id.*

5

In his memo in opposition, plaintiff argues that the ALJ should have applied the Medical Vocational Guidelines (a.k.a. the "grids") to find plaintiff disabled because he is capable of only sedentary work due to his breathing difficulties. *See* [D.E. 17] at 1–2. Thus, plaintiff asserts that defendant's remand request is unnecessary and reversal is more appropriate because the grids are applied at a sequential step prior to considering whether there exist a sufficient number of jobs in the national economy that plaintiff can still perform given his RFC. *See id.*

Defendant's asserts in his answer that the ALJ's finding as to plaintiff's COPD–that functional limitations due to this condition were not a disability for the purposes of the Act–was supported by substantial evidence. *See* [D.E. 18] at 1–2.

## **DISCUSSION**

Here, although the ALJ acknowledged that COPD constituted a severe impairment for the plaintiff [Tr. 23], the ALJ nevertheless declined to fully credit plaintiff's testimony that breathing difficulties due to this condition rendered him unable to work, *see* Tr. [47–48, 52]. The ALJ specifically found that, in spite of plaintiff's report of a 4-year history of COPD in a July 2013 medical examination, "treatment records document few, if any, complaints of shortness of breath, dyspnea on exertion, or other COPD-related symptoms until approximately February 2015." [Tr. 27]. The ALJ noted plaintiff's smoking history, found that, prior to 2015, "clinical examinations of claimant's lungs were essentially benign," [Tr. 28], and that "medical records in evidence do not document either significant clinical or objective respiratory abnormalities," [Tr. 29].

The ALJ's decision with regard to plaintiff's COPD is not supported by substantial evidence. *See Perales*, 402 U.S. at 401. Contrary to the ALJ's findings, plaintiff's medical history includes several notations of diagnosis and treatment for COPD and/or other breathing conditions

6

prior to 2015. For example, in a February 2011 primary care visit, plaintiff had a "baseline cough" and "coarse bibasilar breath sounds." [Tr. 291–92].

On October 10, 2011, plaintiff sought emergency treatment at New Hanover Regional Medical Center for coughing and shortness of breath and an X-ray revealed that his lungs were "hyper-aerated" consistent with "COPD without evidence of acute cardiopulmonary process." [Tr. 336]. The accompanying medical examination noted "bibasilar wheezes/rales." [Tr. 340].

Plaintiff returned to the New Hanover Regional Medical Center emergency department with breathing difficulties In February 2012. At that time, an X-ray showed lung hyperinflation, a physical examination found audible wheezing and rhonchi, and the impression recorded was, "right lower lobe infiltrate worrisome for pneumonia . . . COPD with hyperinflation." [Tr. 337, 342]. Thereafter, an October 2012 family medicine appointment noted plaintiff's prior medical diagnosis of COPD and that plaintiff lacked insurance coverage. [Tr. 309–10].

In a July 2013 disability determination examination, the examiner, Dr. Gebrail: noted plaintiff's history of COPD and his refusal of treatment due to lack of insurance coverage; described plaintiff's symptoms to include shortness of breath; found plaintiff's pulmonary function diminished throughout upon examination; confirmed a COPD diagnosis; and found that, in light of plaintiff's various medical conditions to include COPD, plaintiff may have difficulty standing for long periods of time, ambulating for long distances, or undertaking employment in environments that were "pulmonary taxing" to include dust and fumes. [Tr. 348–51].

To the extent that the defendant argues that the ALJ's findings that plaintiff's lung impairment was not disabling are supported by a paucity of treatment history for COPD, *see* [D.E. 18] at 2, record evidence indicates that plaintiff was uninsured and/or unable to afford regular COPD treatment and medication for at least part of the time in question, *see* [Tr. 299, 309, 348–

51, 375, 383]. Non-compliance with a treatment regimen due to inability to pay cannot be held against a claimant. *See* SSR 82–59; *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.").

Having determined that the ALJ's decision is not supported by substantial evidence, the court must now determine whether to reverse and remand for an award of benefits or to remand for a new hearing. This decision is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also* 42 U.S.C. § 405(g) ("The [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984) (reversing, rather than remanding, where "the medical evidence overwhelmingly supports the claimant's position that he is unable to work and there is insubstantial evidence in support of the ALJ's conclusions that [claimant's] disabilities are 'not severe.'"); *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980) (noting that when, "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate); *Breeden v. Weinberger*, 493 F.2d 1002, 1011–12 (4th Cir. 1974) (finding that, pursuant to section 405(g), it is appropriate to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose.").

Here, record evidence supports a finding that, due to plaintiff's COPD, in conjunction with his other impairments, plaintiff was not capable of light work, even as modified by the RFC. *See* 20 C.F.R. § 404.1567(b) (defining "light work" as work that requires a claimant to lift "no more

8

than 20 pounds at a time with frequent carrying of objects weighing up to 10 pounds" and may also require "a good deal of walking or standing."). Although the evidence is unclear as to whether plaintiff is capable of sedentary or less-than-sedentary work, this question need not be resolved; because plaintiff was over fifty years old at the time of his application with less than a high school education and non-transferable, labor-intensive PRW, the record likewise supports a finding that plaintiff is disabled as a matter of law pursuant to the grids. *See* 42 U.S.C. § 405(g); 20 C.F.R. Part 404, Subpt. P, Appendix II § 201.10 (specifying as disabled persons approaching advanced age with limited education who are semiskilled with non-transferable skills and a sedentary RFC).

Where, as here, a case has been pending for many years and further fact-finding would serve no purpose, reversal is appropriate. *See Breeden*, 493 F.2d at 1012. Accordingly, the court, in its discretion, reverses the Commissioner's decision and remands for an award of benefits as of plaintiff's alleged onset date of February 1, 2012. *See Evans*, 734 F.2d at 1015; *Crider*, 624 F.2d at 17; *Edwards*, 672 F.Supp. at 236.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [D.E. 14] is GRANTED, the Commissioner's motion seeking remand [D.E. 16] is DENIED, the decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED.

This ___ day of March, 2018.

Terence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9